No. 99-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 40N

IN RE THE MARRIAGE OF

CHERYLE A. COOK, a/k/a
SMITH, GLADDEN,

Petitioner and Appellant,

and

CURTIS A. SMITH,

Respondent and Respondent.

FILED

MAR - 5 2002

*Ed Smith*
CLERK STATE OF MONTANA COURT

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Susan P. Watters, Judge presiding.

STATE LAW LIBRARY
MAR 05 2002
OF MONTANA

COUNSEL OF RECORD:

        For Appellant:

            Cheryle A. Cook-Carlson, *Pro Se*, Billings, Montana

        For Respondent:

            Christopher P. Thimsen, Attorney at Law, Billings, Montana

                        Submitted on Briefs:  January 31, 2002

                                  Decided:  March 5, 2002

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Cheryle A. Cook-Carlson (Cheryle), appearing pro se, appeals from the entry by the Thirteenth Judicial District Court, Yellowstone County, of Findings of Fact, Conclusions of Law and Order amending the Final Parenting Plan concerning Christopher, C.J. and Cory Smith, the minor children of herself and Curtis Smith (Curtis). We affirm.

¶3    The sole issue on appeal is whether the District Court abused its discretion in issuing Findings of Fact, Conclusions of Law and Order amending the Final Parenting Plan.

¶4    For reasons which will be stated below, we do not resolve the issue presented on its merits.

## BACKGROUND

¶5    Pursuant to a Decree of Dissolution, Cheryle and Curtis' marriage was dissolved on October 3, 1994. Cheryle and Curtis are the parents of three minor children: Christopher, C.J. and Cory Smith. At the time of the parties' divorce, Cheryle was granted sole care, custody and control of the three minor children and Curtis was granted visitation.

2

¶6 Between August of 1994 and August of 1998, the Montana Department of Public Health and Human Services (Department) received numerous reports alleging the Smith children had been neglected and physically and sexually abused. The Department removed the children from Cheryle's home in late August of 1998, and placed them in foster care with a relative.

¶7 In September of 1998, Curtis filed a Motion to Amend the Final Parenting Plan, and an affidavit in support of his motion alleging the children had been neglected and abused while in Cheryle's custody. In January of 1999, Curtis filed a Motion for an Interim Parenting Plan and the District Court granted him custody of the children in March of 1999, pending the outcome of his motion to amend the final parenting plan. The District Court held a hearing, at which both parties were present, on Curtis' motion to amend the final parenting plan in July of 1999. The District Court issued its Findings of Fact, Conclusions of Law and Order on August 5, 1999, adopting the proposed final parenting plan submitted by Curtis. Cheryle appeals.

## DISCUSSION

¶8 Cheryle's issue on appeal is difficult to discern from her brief, which does not comply with the briefing requirements contained in the Montana Rules of Appellate Procedure. Only through close scrutiny of Cheryle's brief and supporting documentation are we able to ascertain the issue upon which she is seeking review.

¶9 Most importantly, Cheryle does not support her arguments with citations to legal authority as required by Rule 23(a)(4), M.R.App.P. While we are willing to make

3

accommodations for parties appearing pro se, just as we are willing to relax technical requirements that do not go to the fundamental bases of such parties' appeals, a district court's decision is presumed correct and an appellant bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18 (citations omitted). It is not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41 (citation omitted). Cheryle fails to advance any legal authority under which the District Court abused its discretion in entering Findings of Fact, Conclusions of Law and Order amending the final parenting plan. Accordingly, Cheryle fails to meet her burden in this regard.

¶10  Affirmed.

Chief Justice

We concur:

Justices